237 F.2d 715
 TACETTIN SAY, Appellant,
v.
Albert DEL GUERCIO, Officer in Charge, Immigration and
Naturalization Service, Los Angeles, California,
and Henry G. Gratton, Deportation and
Parole Officer, Appellees.
 No. 14976.
 United States Court of Appeals Ninth Circuit.
 Oct. 16, 1956.
 
 Harry Wolpin, Los Angeles, Cal., for appellant.
 Laughlin E. Waters, U.S. Atty., Max Deutz, Arline Martin, Asst. U.S. Atty., Los Angeles, Cal., for appellee.
 Before DENMAN, Chief Judge and LEMMON and HAMLEY, Circuit Judges.
 DENMAN, Chief Judge.
 
 
 1
 Say, a merchant marine sailor, a citizen of Turkey, under a final order for deportation but subsequently married to a citizen of the United States, appeals from the District Court's adverse decision in a declaratory judgment proceeding. The denied judgment he sought was that he was entitled to a stay of the order for his deportation and to an order reopening his case and modifying an order permitting him, as an alien so married, to go to Mexico to obtain a non-quota immigrant visa[1] to an order that he seek such entry from Canada.
 
 
 2
 Del Guercio's answer admits the marriage, the wife's seeking an order enabling Say to such a non-quota entry status and that his right to seek the non-quota status was granted with permission to leave the United States to secure a visa from the consular office in Mexico. The question here is whether he has shown grounds entitling him to an order changing the country of his non-quota entry from Mexico to Canada.
 
 
 3
 His complaint below states that on May 11, 1955, he went to Chula Vista, California, on the Mexican border, first to enter Tia Juana in Mexico across the line from Chula Vista and obtain from the United States Consulate there the necessary non-quota visa for a reentry into the United States and then to make his entry, but that at Chula Vista his attorney advised him that he could enter Tia Juana, Mexico only on the payment of a bribe, which his attorney refused to do. The allegation regarding his attorney's advice is put in issue by the answer. However, since no proof was offered no reason was established for Say's failure to enter Mexico for his non-quota entry into the United States.
 
 
 4
 On May 18, 1955, Say filed with the Immigration Service his motion for a reopening of the deportation proceeding and a stay of deportation to enable him to file a request that the place of his non-quota entry be from Canada rather than from Mexico. No allegation of the alleged need for a bribery to enter Mexico was offered to the Immigration Service, nor any other reason given why Say, being in Los Angeles, his right to go to Mexico and seek entry was not a sufficient exercise of the Bureau's obligation to him.
 
 
 5
 While the case was pending below, Say's second reopening motion was heard by a Special Inquiry Officer and denied on July 15, 1955. On appeal to the Board of Immigration Appeals, the board on August 25, 1955, held Say's motion to reopen was not supported by documentary proof. It dismissed the appeal and the 'entire matter' was 'remanded to the Special Inquiry Officer with the suggestion that he may wish to reconsider the proceedings'. The Special Inquiry Officer 'reviewed the entire record' and stated he saw no valid reason for altering his decision of July 15, 1955. We think Say had exhausted his remedy before the Immigration authorities.
 
 
 6
 The case was submitted to the District Court below on a record of the above facts, the complaint being treated as if amended to place them in issue.
 
 
 7
 The objection has been made that the district court lacked jurisdiction to entertain the complaint because the motion to reopen did not concern a final order. Before a hearing could be had on his motion to reopen, and on or about June 1, 1955, Say was ordered to surrender for deportation on June 6, 1955, at 11 A.M. That is to say, instead of staying the deportation, its immediate execution was ordered. Nothing could be more final than such an order. This is particularly true since under the regulation, the deportation constitutes a withdrawal of the motion to reopen.[2] We think it clear that the court had jurisdiction because of this final order for deportation.
 
 
 8
 On the merits of the second motion to reopen the case, it is true that at the time of filing the complaint there had been no final order disposing of it. However, after the complaint was filed, the motion to reopen was considered, was denied, was appealed from, and final action was taken. The parties and the court treated the complaint as if it had been amended to warrant the consideration of the merits.
 
 
 9
 We think the court had jurisdiction to consider these facts in view of the parties' submission to it of the immigration authorities' record of their relevant transactions. And we therefore consider the merits.
 
 
 10
 Say contends that this Special Inquiry Officer, Main, who considered and denied his second motion, had no power to consider it since his first motion was heard by a different Inquiry Officer, one Caldwell, and that it should have been submitted to the latter under the regulation providing:' § 8.1 Reopening and reconsideration. Except as provided in 6.2 of this chapter, a hearing or examination in any proceeding provided for in this chapter may be reopened or the decision made therein reconsidered for proper cause at the instance of, or upon motion made by the party affected and granted by: * * * the special inquiry officer, if the decision in the case was made by him, unless the record in the case previously was forwarded to the Board or to the Regional Commissioner.'
 
 
 11
 However, the regulations further provide in Section 242.53(e) that:
 
 
 12
 '(e) Withdrawal and substitution of special inquiry officer. The special inquiry officer assigned to conduct the hearing may at any time withdraw if he deems himself disqualified. If a special inquiry officer becomes unavailable to complete his duties within a reasonable time, another special inquiry officer shall be assigned to complete the case. In such event, the new special inquiry officer shall familiarize himself with the record in the case and shall state for the record that he has done so.'
 
 
 13
 Caldwell, before the second motion was filed, had been removed from the office of special inquiry, appointed to a different office of Supervisory Immigration Inspector and removed from Spokane, Washington, to San Antonio, Texas. We think Caldwell had become 'unavailable' within the meaning of the regulation and that Main properly entertained the motion.
 
 
 14
 We also think that Say failed to establish the facts to support his second motion to reopen to change the place of entry from Mexico, from which Say was just across the border in Chula Vista, to Canada and that the district court committed no error in denying the declaratory judgment he sought.
 
 
 15
 The judgment is affirmed.
 
 
 
 [1]
 Under Section 101(a)(27)(A) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101(a)(27)(A)
 
 
 [2]
 8 C.F.R. § 8.11(a) provides:
 '* * * The filing of a motion to reopen or a motion to reconsider under this part shall not serve to stay the execution of any decision made in the case. Execution of such decision shall proceed unless a stay is specifically granted by the district director or the officer in charge having administrative jurisdiction over the case.'